THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| OLEG SOCOLOV,<br><br>      Petitioner,<br><br>v.<br><br>UTAH ATTORNEY GEN. et al.,<br><br>      Respondents. | **MEMORANDUM DECISION<br>& ORDER TO GRANTING<br>MOTION TO AMEND**<br><br>Case No. 4:21-CV-14-DN<br><br>District Judge David Nuffer |

  Petitioner, Oleg Socolov, filed a *pro se* federal habeas-corpus petition, under 28 U.S.C.S. § 2254(a) (2022) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner's motion to amend is now granted. (ECF No. 11.)

### INSTRUCTIONS TO PETITIONER

  Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition:

**(a)** The revised petition must stand entirely on its own and not refer to, or incorporate by reference, any portion of the original petition or any other documents Petitioner previously filed. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original).

**(b)** Petitioner must name his custodian (warden or ultimate supervisor of imprisonment facility) as the respondent. R.2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts. Indeed, Petitioner must be currently "in custody" to qualify for habeas relief. *See* 28 U.S.C.S. § 2254(a) (2022).

**(c)** Federal rule suggests the petition should:

>(1) specify all the grounds for relief available to the petitioner;
>(2) state the facts supporting each ground;
>(3) state the relief requested;
>(4) be printed, typewritten, or legibly handwritten; and
>(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

R.2(c), Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

2

**(d)** Petitioner may generally not bring civil-rights claims (e.g., as to conditions of confinement) in a habeas-corpus petition.

**(e)** Any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2022); any claims about the execution of Petitioner's sentence should be brought under *id.* § 2241.

**(f)** Before Petitioner may seek review in federal court of Utah state-court proceedings, Petitioner must exhaust all available remedies in the Utah courts. *See id.* § 2254 (b) & (c); *Picard v. Connor*, 404 U.S. 270, 275, 276 (1971). To exhaust remedies, Petitioner must properly present to the highest available Utah court--the Utah Supreme Court--the federal constitutional issues on which relief is sought. *See Picard*, 404 U.S. at 276.

**(g)** Petitioner should get help to prepare initial pleadings from legal resources available where he is held.

**O R D E R**

**IT IS HEREBY ORDERED** that:

**(1)** Petitioner's motion to amend his petition is **GRANTED**. (ECF No. 11.) Petitioner shall have **thirty days** to file his amended petition. In response to this Order, the Court will accept one document entitled, "Amended Petition." The Amended Petition shall include all issues, arguments, and citations in one document, with no reference to any other document. The Amended Petition is the only document the Court will review to determine whether to order Respondent to answer. R.4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. (stating court--on its own--shall examine petition for petitioner's entitlement to relief and dismiss petition or order answer as warranted).

**(2)** The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to directions.

**(3)** If Petitioner fails to timely amend his petition, as instructed here, this action will be dismissed without further notice.

**(4)** Petitioner must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the [petitioner] fails to prosecute or to comply with these rules or a court order, a [respondent] may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

**(5)** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **14 days** before the deadline to be extended.

**(6)** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

DATED this 4th day of July, 2022.

BY THE COURT:

_____
JUDGE DAVID NUFFER
United States District Court